## 6284. AYERS *v.* THE STATE.

BROYLES, J. 1. Where the accused was asked by a youth of eighteen years for a drink of whisky, and replied that he could not let him have it, as he was a minor, and shortly thereafter the accused placed on the ground, near the minor, a bottle with some whisky in it, and went off about 100 yards upon an alleged call of nature, and while he was gone the minor picked up the bottle and took a drink of the whisky, *held*, that it was for the jury to determine whether it was the intention of the accused to allow the minor to get hold of the whisky and drink it, and whether his action in going off for the ostensible purpose of attending to a call of nature, while leaving the whisky behind near the minor, was a mere pretext and subterfuge to escape a possible prosecution and conviction for furnishing intoxicating liquor to a minor, *Blodgett* v. *State*, 97 *Ga.* 351 (23 S. E. 830).

2. There was some evidence to support the verdict. If it was not the intention of the accused to give the whisky to the minor, it was incumbent upon him to see that the minor, who had already asked him for whisky, did not have an opportunity to get hold of the bottle of liquor; and the leaving of the whisky in the virtual control of the minor during the temporary absence of the accused amounted to such criminal negligence as was legally equivalent to an actual intention on his part to furnish the whisky to the minor. See *Blodgett* v. *State*, supra; 2 Woollen & Thornton on Intoxicating Liquor, § 730.                    *Judgment affirmed.*
                    DECIDED MAY 4, 1915.

Indictment for furnishing liquor to a minor; from Haralson superior court—Judge Price Edwards. December 30, 1914.

*Griffith & Matthews,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

RUSSELL, C. J., dissenting. The ruling in the *Blodgett* case, which is cited by the majority of the court, is not in conflict with the general principle which involves the necessity of some act, in

order to constitute a crime and charge the actor with responsibility
for the criminal act. Blodgett invited all the bystanders to take a
drink. It happened that one of them was a minor. Having done
the act of extending the invitation and furnishing the liquor,
Blodgett was charged with the responsibility of seeing that the
crime of furnishing liquor to a minor did not result by reason of
the fact that one of his invited guests might be a minor; and upon
the well-settled principle of criminal negligence, he was properly
convicted, and the conviction correctly affirmed. There was no hint
in the evidence in the case at bar that the accused, by sign or signal,
by device, or by the tone of his voice, ever indicated to the minor
even tacit acquiescence in the latter's proposal to give him a drink.
The witness and, the accused were together in the woods. The
witness asked the accused if he had any whisky, and the latter re-
plied that he "might have a little." So far as appears from the
testimony, this reply of the accused was the only utterance made
with reference to intoxicating liquor. After some conversation the
accused, desiring to attend to a call of nature, took from his pocket
a quart-bottle, containing about a half-pint of whisky, and, remov-
ing his coat, left both on the ground near the witness, where they
had been engaged in conversation, and retired about 100 yards to a
spot presumably more secluded, to relieve himself. During his ab-
sence the witness took a drink of this whisky. As already tated,
there was nothing to indicate that the absence of the accused for
the purpose stated was not bona fide, nor any testimony that he had
in any manner indicated to the minor consent or acquiescence that
the latter should take a drink of the whisky.

"A crime or misdemeanor shall consist in the violation of a pub-
lic law, in the commission of which there shall be a joint operation
of act and intention, or criminal negligence." Penal Code, § 31.
It must be conceded that there was no criminal act, such as the
manual furnishing or the voluntary release of a single drop of the
intoxicating fluid on the part of the accused; and therefore the
question resolves itself purely into the determination as to whether
the defendant's leaving the bottle of whisky, with his coat, where
the minor, if he so desired, could take it without the consent of
the accused is such criminal negligence as to subject him to punish-
ment for furnishing liquor to a minor. The presumption is that
all men are honest. In accord with this presumption, it is my opin-

ion that the duty which devolves upon a citizen, as a matter of morality, to remove all temptation from the pathway of his neighbor, is not so incorporated into the criminal law as to require one, who finds it necessary to relieve himself at the behest of nature's call, to carry a quart-bottle with him, for fear that a minor with whom he has been conversing may secretly and unlawfully convert the forbidden liquor to his own use.

The defendant, in his statement at the trial, said, that the minor asked him if he had any whisky, and that he told the minor he had a little; that the minor asked him for a drink, "and I could not let him have it, as he was a minor. We sat down and talked awhile, and I had to step aside, and I set the quart-bottle, with about a half a pint of whisky in it, down, and pulled off my coat and laid it down over the bottle. I did not know that Fred drank any of it until after I was indicted. He did not tell me he drank any of it, and I did not tell him to drink any of it. I am not guilty of the offense." It will be observed that the only difference between the statement of the accused and the testimony for the State is in the fact that the accused says that the minor asked him for a drink, but the uniform current of both the testimony and the statement shows an absolute absence of any evidence of consent upon the part of the accused that the minor should drink his whisky, and the conviction can not be sustained except upon the theory that in covering up the bottle with his coat and leaving it where the minor could get it if he wished to take it stealthily, the accused was guilty of criminal negligence.